UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN WILLIAM CASSADAY,

    Plaintiff,                              Case No. 1:21-CV-719

v.                                            HON. GORDON J. QUIST

ORLENE HAWKS, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Kevin William Cassaday, filed this lawsuit against Orlene Hawks and Michael Hawks. On September 27, 2021, U.S. Magistrate Judge Phillip J. Green issued a Report and Recommendation (R & R), recommending that the Court dismiss Plaintiff's complaint for failing to state a claim. (ECF No. 8.) On October 4, 2021, Cassaday filed an amended complaint. (ECF No. 9.) On October 19, 2021, Cassaday filed a second amended complaint. (ECF No. 10.)[1]

Neither party filed an objection to the R & R. To the extent that Cassaday intended his amended complaint to be an objection, he fails to address any issue identified in the R & R. Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Therefore, the Court will not consider the amended complaint as an objection.

The Court has reviewed the R & R. The magistrate judge applied the correct legal standard under 28 U.S.C. § 1915(e)(2). The magistrate judge summarized the complaint and concluded that

---

[1] This case was initially assigned to U.S. District Judge Paul L. Maloney. On November 5, 2021, the case was reassigned to the undersigned under Local Rule 3.3.2(b). (ECF No. 11.)

Plaintiff did not allege sufficient facts to state a claim.  Because Cassaday has failed to state a claim upon which relief could be granted, the Court will adopt the R & R.

Furthermore, Cassaday's amended complaint and second amended complaint suffer from the same flaws as the first complaint.[2]  His allegations are rambling and confusing.  He alleges that a detective came to his house to drop off his medical records and threatened him. He further alleges that Defendants "may have a hand in the orchestration of COVID-19 as well . . . ." (ECF No. 9 at PageID.43.)  Simply, Cassaday's allegations against Orlene Hawks and Michael Hawks fail "to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the September 27, 2021, Report and Recommendation (ECF No. 8) is **approved** and **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failing to state a claim.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & R, the Court finds that any appeal would not be taken in good faith.

A separate judgment will enter.

Dated: December 22, 2021               /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE

---

[2] Cassaday does not identify Michael Hawks as a defendant in either amended complaint.